IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHAVEZ LAW OFFICES, P.A.,
a New Mexico corporation,

      Plaintiff,

vs.                                    Case No. _____

TYLER TECHNOLOGIES, INC.,
a foreign corporation,

      Defendant.

## NOTICE OF REMOVAL

      Defendant Tyler Technologies, Inc. ("Tyler") gives notice of the removal of this case from the Second Judicial District Court, County of Bernalillo, New Mexico, to the United States District Court for District of New Mexico on the basis of diversity jurisdiction.  In support of this Notice of Removal, Tyler states as follows:

## I.    Background And Procedural Prerequisites For Removal

      **A.**    Chavez Law Offices, P.A. ("Plaintiff") commenced this action in the Second Judicial District Court, County of Bernalillo, New Mexico, cause number D-202-CV-2021-01248, on February 23, 2021 (the "State Court Action").  Copies of the Complaint for Damages and Plaintiff's Certification Regarding Arbitration under Rule LR2-603, which comprise the entirety of the state court file at this time, are attached as Exhibit A.

      **B.**    Tyler was served with the Complaint and Summons on March 2, 2021. (Declaration of Abigail Diaz ("Diaz Decl."), ¶ 4.)

      **C.**    Tyler's Notice of Removal is timely given that it is filed within 30 days after service of process and within one year after commencement of this action.  *See* U.S.C. §§ 1446(b)(2)(B)(c).

**D.**     This Court's jurisdiction must be assessed by examining the complaint filed in the State Court Action on its face as of the time of filing this Notice of Removal. *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 390 (1998) ("[F]or purposes of removal jurisdiction, we are to look at the case as of the time it was filed in state court".) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938) ("[T]he status of the case disclosed by the plaintiff's complaint is controlling in the case of removal.")); *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) ("[T]he propriety of removal is judged on the complaint as it stands at the time of removal.").

## II.     Diversity Jurisdiction Exists

**A.     The Proper Parties in this Action are Citizens of Different States.**

**1.**     Plaintiff is a New Mexico corporation located in Bernalillo County, New Mexico. (Compl. ¶1).

**2.**     Defendant Tyler is a Delaware corporation with its principal place of business in Texas. (Diaz Decl., ¶ 3.) Tyler is a citizen of Texas for purposes of determining diversity of citizenship.

**3.**     Pursuant to 28 U.S.C. §§ 1332 and 1441, there is complete diversity of citizenship between Plaintiff and Tyler.

**B.     The Amount in Controversy Exceeds $75,000.**

**1.**     The amount in controversy for removal jurisdiction is determined normally by reference to allegations in the plaintiff's complaint. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). The court must examine the facts existing at the time of removal and determine whether those facts prove to a "reasonable probability that the jurisdictional amount was met." *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428 (7th Cir. 1997). The Court may look to the substance and nature of the injuries and damages described in the pleadings. *See*

*Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Here, Plaintiff's allegations plainly demonstrate that it is seeking more than the required $75,000 jurisdictional amount.

2.     Tyler is a software provider of technology focused on the public sector. Among its many offerings, Tyler provides online electronic filing services through its proprietary software program known as "Odyssey File and Serve," which Plaintiff entered into an agreement to use. (Diaz Decl. ¶¶ 5, 7.) Plaintiff's Complaint asserts that Tyler has fraudulently, negligently, and in bad faith charged and failed to refund to Plaintiff certain filing fees that Plaintiff incurred after filing pleadings that were rejected due to technical deficiencies. Although Plaintiff alleges that "Plaintiff has suffered financial harm in an amount to be determined at trial, but that is not more than $74,999.00" (Compl. ¶ 16), that allegation is not determinative. Plaintiff asserts claims for unfair and unconscionable violations of the New Mexico Unfair Practices Act, NMSA 1978 § 57-12-1 to -26 ("UPA"), breach of the duty of good faith and fair dealing, and for negligence and fraud. Plaintiff's court-annexed arbitration certificate certifies that it seeks relief in excess of $25,000, *exclusive of* interests, costs, and attorney's fees. (*See* Exhibit A.)

3.     Plaintiff also seeks treble damages (Compl. ¶ 27) and attorney's fees (Compl. ¶ 28) under the New Mexico UPA, as well as punitive damages (Compl. ¶ 25). The Court may properly consider these claims in determining that the amount in controversy requirement is satisfied. *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943); *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376-77 (6th Cir. 2007) (attorney's fees requested by plaintiff and allowed by statute included in calculating amount in controversy). *See also Frederick v.*

*Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1247 (10th Cir. 2012) (punitive damages may be considered in determining the requisite jurisdictional amount).  And following the United States Supreme Court's rulings in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996) and *TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443 (1993), New Mexico courts have upheld punitive damages awards of up to ten times the amount of the awarded compensatory damages, *see Aken v. Plains Elec. Generation & Transmission Coop., Inc.*, 2002-NMSC-021, 132 N.M. 401, 49 P.3d 662; *Allsup's Convenience Stores, Inc. v. N. River Ins. Co.*, 1999-NMSC-6, 127 N.M. 1, 976 P.2d 1, further supporting that the potential amount in controversy exceeds the jurisdictional threshold.

4.      Tyler denies Plaintiff's allegations and all liability, and specifically denies that Plaintiff is entitled to any damages whatsoever.  Nonetheless, given the nature of Plaintiff's multiple claims for damages, including treble damages, paired with its demand for punitive damages and attorney's fees, the Court properly may conclude that Plaintiff is claiming damages in excess of $75,000.00.  *See Miera v. Dairyland Insurance Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (district court reasonably speculated that jurisdictional amount in controversy would be satisfied given complexity of case).  Thus, although Tyler denies the allegations against it in the Complaint, taking those allegations on their face as true (as this Court must do for the purpose of determining the propriety of removal), it is reasonable to find that the total amount of damages that Plaintiff seeks to recover in this case exceeds $75,000.  *See McPhail v. Deere & Co.*, 529 F.3d at 947 (10th Cir. 2008) (a defendant is entitled to stay in federal court unless it is "legally certain" that less than $75,000 is at stake).  Accordingly, the amount in controversy at the commencement of the action and at the present time exceeds $75,000, exclusive of interest and costs.

4

5.      Given the complete diversity of the real parties in interest and an amount in controversy in excess of $75,000, this Court has jurisdiction over the causes of action and claims asserted against Tyler in the State Court Action pursuant to 28 U.S.C. § 1332, and this action properly is removable pursuant to 28 U.S.C. § 1441.

### III.   <u>Propriety Of Removal</u>

1.      This Notice is being filed within 30 days after Tyler's first receipt of a copy of the initial pleading setting forth the claim for relief upon which the action is based, as required by 28 U.S.C. § 1446(b).

2.      Apart from the pleadings and process attached as Exhibit A, Tyler has received no other process, pleadings, motions or orders.

3.      The United States District Court for the District of New Mexico is the federal judicial district embracing the Second Judicial District Court, County of Bernalillo, New Mexico, where this suit was originally filed.  Venue is thus proper in this Court pursuant to 28 U.S.C. § 89(c) and removal to this District is proper under 28 U.S.C. § 1441(a).

4.      This lawsuit accordingly may be brought before the United States District Court for the District of New Mexico pursuant to 28 U.S.C. §§ 1331, 1332(a) and 1441(a).

5.      Tyler will promptly (a) file a true and correct copy of this Notice with the Clerk of the Second Judicial District Court, County of Bernalillo, New Mexico, in accordance with 28 U.S.C. § 1446(d), and (b) serve Plaintiff's counsel with a true and correct copy of this Notice of Removal, in accordance with 28 U.S.C. § 1446(d).

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By:  /s/ Leslie McCarthy Apodaca
      Leslie McCarthy Apodaca
Post Office Box 1888
Albuquerque, New Mexico  87103-1888
lapodaca@rodey.com
Telephone: (505) 765-5900
Facsimile: (505) 768-7395
*Attorneys for Defendant Tyler Technologies, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of March, 2021, I filed the foregoing using CM/ECF which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic filing:

Gene N. Chavez
gene@chavezlawoffices.com

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By:  /s/ Leslie McCarthy Apodaca
      Leslie McCarthy Apodaca