FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
2/23/2021 12:00 AM
CLERK OF THE COURT
Luke Tessman

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

CHAVEZ LAW OFFICES, PA,
a New Mexico corporation,

    Plaintiff,

vs.      No. D-202-CV-2021-01248

TYLER TECHNOLOGIES,
INC., a foreign corporation.
    Defendant.

## COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff, by and through her attorney, CHAVEZ LAW OFFICES, PA (Gene N. Chavez) and for her Complaint states the following:

1. Plaintiff Chavez Law Offices, PA (hereinafter "Plaintiff") is a New Mexico corporation located in Bernalillo County, New Mexico.

2. Tyler Technologies, Inc. (hereinafter "Defendant") is a foreign corporation in Texas licensed to conduct business in New Mexico at all times relevant.

3. The events which give rise to this Complaint occurred in the City of Albuquerque, County of Bernalillo, State of New Mexico.

4. Jurisdiction and venue are proper in this Court.

## FACTS COMMON TO ALL COUNTS

5. Plaintiff incorporates herein all allegations contained in the foregoing paragraphs.

6. Sometime prior to August, 2010, Plaintiff signed up for Defendant's services to file and serve legal documents in New Mexico.

7. Since August 19, 2010, Defendant has rejected approximately 216 filings submitted by Plaintiff.

Exhibit A

1

8. On numerous occasions, Plaintiff has inquired about the charges that were charged to its credit card and bank account for rejected pleadings.

9. Plaintiff was charged for each rejected pleading and no credits and/or refunds were ever paid to Plaintiff and/or Plaintiff's accounts.

10. Defendants maintain that the financial institutions have the funds on hold and any and all funds are to be paid to Plaintiff from its financial institution(s).

11. Plaintiff has made several inquiries to its financial institutions and determined that no such funds are "held". Rather, said funds are charged and debted from the listed account(s).

12. Defendants have refused to refund Plaintiff's charges related to the rejected pleadings and maintain that each of the 216 charges has to be separately addressed and verified.

### First Claim for Relief:  Negligence

13. Plaintiff incorporates herein all allegations contained in the foregoing paragraphs

14. The Agreement between the parties is valid and binding on all parties. In fact, Defendant expressly states "we never charge for pleadings that are rejected".

15. Defendant has a history and pattern of charging for rejected pleadings and failing to refund the charges.

16. Plaintiff has suffered financial harm in an amount to be determined at trial, but is not more than $74,999.00 and the acts of defendants alleged herein were willful, wanton, reckless, and/or intentional, thereby entitling Plaintiff to an award of punitive damages.

### Second Cause of Action:  Fraud

17. The allegations contained above are realleged as if restated herein.

18. Defendants were aware of the Agreements and contractual obligations to refund and/or credit Plaintiff for any charges associated with rejected pleadings.

19. Defendants refused to credit/refund charges for rejected pleadings and maintained that said charges were never charged in the first place, but "held" by Plaintiff's financial institution. Representatives of Plaintiff's financial institution, Wells Fargo, denied as such.

20. The acts of defendants alleged herein were willful, wanton, reckless, and/or intentional, thereby entitling Plaintiffs to an aware of punitive damages.

### Third Cause of Action:  Breach of Duty of Good Faith & Fair Dealing

21. The allegations contained above are realleged as if restated herein.

22. As alleged above, the agreements were valid, binding contracts requiring defendants to act in good faith and deal fairly in performance of the contract.

23. Defendants breached their duty of good faith and fair dealing in the execution of this contract. Such breach includes, but is not limited to: failure to perform as listed in the agreements; Deceiving the Plaintiff about the nature and quality of the Agreements by misleading Plaintiff about charges for rejected pleadings, thereby interfering with the Plaintiffs' ability to obtain the full benefit of the Agreements; Breaching the agreement, as alleged above, with deliberate disregard for the harm that Plaintiff would sustain thereby.

24. As a result of defendant's breach, Plaintiff has been damaged and is entitled to recover these damages in an amount to be proven at trial, but is not more than $74,999.00.

25. The acts of defendants alleged herein were willful, wanton, reckless, and/or intentional, thereby entitling Plaintiffs to an aware of punitive damages.

**Fourth Cause of Action:  Violation of the Unfair Trade Practices Act**

26. The allegations contained above are realleged as if restated herein.

27. In the conduct of the agreement reached with Plaintiff, defendants violated the Unfair Practices Act (NMSA § 57-12-1 *et seq.*).  Such violations include, but are not limited to: using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive; failing to deliver the quantity of goods or services contract for; and taking advantage of the lack of knowledge, ability, and experience of Plaintiff to a grossly unfair degree; and Plaintiff has been damaged by Defendants' violations, and is entitled to recover these damages in an amount to be proven at trial, which must be tripled in accordance with NMSA § 57-12-10(B).

28. In addition to these damages, Plaintiff is entitled to attorney's fees and costs under NMSA § 57-12-10(B).

**Fifth Cause of Action:  Negligence Per Se**

29. The allegations contained above are realleged as if restated herein.

4

30. N.M. Stat. § 57-12-6(F) states that any individual or corporation who violates the Unfair Trade Practices Act is guilty of a misdemeanor.

31. As alleged above, Defendants violated the Unfair Trade Practices Act.

32. Pursuant to N.M. Stat. § 57-12-2, Plaintiffs are within the class of persons sought to be protected by the statute.

33. Pursuant to N.M. Stat. § 57-12-2, the harm or injury to the Plaintiff is the type of injury and harm the legislature sought to prevent in enacting the statute.

34. As a direct and proximate result of the Defendants' actions, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

### Sixth Cause of Action:  Unconscionable Trade Practice

35. The allegations contained above are realleged as if restated herein.

36. As stated previously, Defendants took advantage of the lack of knowledge, ability, experience or capacity to a grossly unfair degree;

37. A gross disparity between the value received by the Plaintiff and the price paid occurred as a result of Defendants' conduct.

38. As a result of Defendants' conduct, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

39. Plaintiff has been harmed by defendant's violations, and is entitled to recover those damages in an amount to be proven at trial, which must be tripled in accordance with N.M. Stat. § 57-12-10(C).

40. In addition to these damages, Plaintiff is entitled to attorney's fees and costs under N.M. Stat. § 57-12-10(C).

## Conclusion

**WHEREFORE**, Plaintiff prays this Court find for them and against Defendant and enter a judgment in her favor for the following relief:

A. Damages in an amount that will compensate Plaintiff for damages;

B. Damages in an amount that will compensate Plaintiff for future losses including incidental and consequential damages;

C. Punitive damages in an amount that will deter Defendants from such reckless conduct in the future;

D. Plaintiff's costs incurred in this action;

E. Pre-judgment and post-judgment interest at the statutory rate per annum or as the trial court may, in its discretion, award;

F. Plaintiff's damages do not exceed $74,999.00.

G. Such other and further relief as this Court deems just and reasonable.

Respectfully submitted,

*/s/ Gene N. Chavez*
Gene N. Chavez, Esq.
1220 5th St. NW
Albuquerque, NM  87102
505-243-4363
505-217-2157-fax
gene@chavezlawoffices.com

Attorney for Plaintiff

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
2/23/2021 12:00 AM
CLERK OF THE COURT
Luke Tessman

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

CHAVEZ LAW OFFICES, PA,
a New Mexico corporation,

Plaintiff,

vs.                                                         No.  D-202-CV-2021-01248

TYLER TECHNOLOGIES,
INC., a foreign corporation.
Defendant.

## PLAINTIFF'S CERTIFICATION
## REGARDING ARBITRATION UNDER RULE LR2-603

**COMES NOW** Plaintiff, by and through his attorney of record, CHAVEZ LAW OFFICES, (Gene N. Chavez, Esq.), and hereby certify that:

[ ]   This case is subject to referral to arbitration under Local Rule LR2-603. No party seeks relief other than a money judgement and no party seeks an award in excess of $25,000.00 inclusive of punitive damages and exclusive of interest, costs and attorney's fees.

[X]   This case is not subject to referral to arbitration under Local Rule LR2-603 because at least one party seeks relief other than a money judgement and/or at least one party seeks an award in excess of $25,000.00 inclusive of punitive damages and exclusive of interest, costs and attorney's fees.

*/s/ Gene N. Chavez*
Gene N. Chavez, Esq.
1220 5th St. NW
Albuquerque, NM  87102
505-243-4363
505-217-2157-fax
gene@chavezlawoffices.com

Attorney for Plaintiff