IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHAVEZ LAW OFFICES, P.A.,
a New Mexico corporation,

    Plaintiff,

vs.                                    Case No. 1:21-CV-00293-LF-SCY

TYLER TECHNOLOGIES, INC.,
a foreign corporation,

    Defendant.

### PLAINTIFF'S RESPONSE TO DEFENANT'S MOTION TO COMPEL ARBITRATION

**COMES NOW** Plaintiff, by and through her counsel of record, CHAVEZ LAW OFFICES, PA (Gene N. Chavez, Esq.) and for its Response to Defendant's Motion to Compel Arbitration and states the following:

1. Defendant cites case law and attaches a copy of the alleged agreement with Plaintiff.

2. Defendant fails to recognize that the arbitration clause has limitations to its applicability. Specifically, the arbitration clause states: "Any controversy or claim *arising out of or relating to this Agreement*, which is not settled by reasonable negotiations between the parties, *will be settled by arbitration that will be binding on all parties*. ". To date, there has

been absolutely no reasonable negotiations. Clearly, the Arbitration Provision would apply only after there has been reasonable negotiations.

    3.    As listed in the Complaint, Plaintiff has been given the runaround by Defendant's representatives regarding the refund of charges made to Plaintiff's debit card.

    4.    Defendant has attached an alleged copy of the agreement between the parties. Consequently, this Court should apply state law principles of contract formation, and that, under New Mexico law, an arbitration clause "may be unenforceable if it is either substantively or procedurally unconscionable." See *Cordova v. World Fin. Corp.*, 2009-NMSC-021, ¶ 24, 208 P.3d 901, 908). This analysis involves considering the "particular factual circumstances surrounding the formation of the contract, including the relative bargaining strength, sophistication of the parties, and the extent to which either party felt free to accept or decline the terms demanded by the other." (quoting *Cordova v. World Fin. Corp.*, 2009-NMSC-021, ¶¶ 23-24, 208 P.3d at 907-08). At this point, no discovery has been conducted and the Defendant has filed the Motion to Compel Arbitration without reference to the surrounding circumstances as listed above. As such, a request for Arbitration is premature.

5. In addition to Plaintiff's position that the arbitration provision is unconscionable, an arbitration agreement is not enforceable where "grounds ... exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. See also *Rivera v. American General Financial Services, Inc. et al.*, 150 N.M. 398, 59 P.3d 803 (2011).

6. Accordingly, arbitration clauses/provisions may be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability. See *Rivera v. American General Financial Services, Inc. et al.*, 150 N.M. 398, 59 P.3d 803 (2011) citing *Rent-A-Center, West, Inc. v. Jackson*, 130 S.Ct. 2772, 2776, 177 L.Ed.2d 403 (2010) (internal quotation marks and citation omitted). "[S]tate law, whether of legislative or judicial origin, is applicable if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally." *Rivera v. American General Financial Services, Inc. et al.*, 150 N.M. 398, 59 P.3d 803 (2011) citing *Perry v. Thomas,* 482 U.S. 483, 492-93 n. 9, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987).

7. Plaintiff has alleged fraud in its Complaint. Consequently, an arbitration clause can be invalidated due to fraud, duress and unconscionability. Plaintiff maintains that all of those exceptions apply to the instant matter.

7. For the foregoing reasons, Defendant's Motion to Compel Arbitration should be denied at this time and this matter should proceed on the merits, after this matter is remanded to District Court.

>Respectfully submitted,
>
>CHAVEZ LAW OFFICES, PA
>
>*/s/ Gene N. Chavez*
>Gene N. Chavez
>1220 5th St. NW
>Albuquerque, New Mexico  87102
>505-243-GENE
>505-217-2157-fax
>gene@chavezlawoffices.com
>
>Attorney for Plaintiff

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing pleading was delivered to all parties on this 6th day of April, 2021 to all parties.

> */s/ Gene N. Chavez*
> Gene N. Chavez