IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHAVEZ LAW OFFICES, P.A.,
a New Mexico corporation,

    Plaintiff,

vs.                                      Case No. 1:21-CV-00293-LF-SCY

TYLER TECHNOLOGIES, INC.,
a foreign corporation,

    Defendant.

## RESPONSE TO MOTION FOR REMAND

Plaintiff Chavez Law Offices, P.A. ("Plaintiff") has moved the Court to remand this lawsuit to state court on the basis that its complaint against Tyler Technologies, Inc. ("Tyler") explicitly alleges that its "damages do not exceed $74,999." (Motion at 1, citing Compl. ¶ F). Plaintiff's contention is without merit, as the standard for diversity jurisdiction under 28 U.S.C. § 1332 is not simply the amount of damages claimed; it is "an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). Despite Plaintiff's overt contortions to prevent Tyler from invoking this Court's jurisdiction, Tyler's notice of removal establishes that in addition to the diversity of the parties, Plaintiff's claim of $74,999 in damages, together with its demand for punitive damages, treble damages, and attorney's fees and costs unquestionably establishes that more than $75,000 could be put at issue in the course of the litigation. Tyler properly removed this case. Plaintiff's motion to remand should be denied.

### I.    Legal Standard for Establishing the Amount in Controversy

The law is clear that while the removing defendant bears the burden of proving the federal court's jurisdiction, that burden requires only that the defendant provide evidence that it

3445551.1

is more likely than not that the amount in controversy requirement is met. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290-91 (10th Cir. 2001) (holding that the jurisdictional amount need only be established by a preponderance of the evidence.) *See also Hanna v. Miller*, 163 F.Supp.2d 1302, 1305-06 (D.N.M. 2001) (finding that the preponderance of the evidence standard means the defendant must show that it is "more likely than not" that the amount in controversy exceeds that amount.); *Varela v. Wal-Mart Stores, East, Inc.*, 86 F.Supp.2d 1109, 1111 (D.N.M. 2000) (same). Courts recognize that under this standard, a removing defendant is *not* obligated to "research, state, and prove the plaintiff's claims for damages," *Gafford v. General Elec. Co.*, 997 F.2d 150, 159 (6th Cir. 1993), but need only establish "jurisdictional *facts* that made it *possible* that [the amount in controversy] was in play." *McPhail*, 529 F.3d at 955 (emphasis in original) (citing *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)). "It is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy." *McPhail*, 529 F.3d at 955. "[O]nce those underlying facts are proven, a defendant … is entitled to stay in federal court unless it is *legally certain* that less than $75,000 is at stake." *Id.*, 529 F.3d at 956. (internal quotation marks & citation omitted) (emphasis added). Remand is only proper where the *opponent* of federal jurisdiction proves that, "from the outset, the *maximum conceivable amount* in controversy was less than the jurisdictional minimum." *California Casualty Ins. Co. v. Joy,* No. 99-1432, Mem. Op. Order at 3-4 (D.N.M. April 20, 2000) (emphasis added).

**II.     Tyler Has Established That the Requisite Amount in Controversy Existed at the Time of Removal.**

Tyler's Notice of Removal relied on one of the methods explicitly sanctioned by the Tenth Circuit to address the amount in controversy: "by calculation from the complaint's allegations." *McPhail*, 529 F.3d at 954. Although Plaintiff manifestly drafted its complaint in

an attempt to impede removal by stating that "[a]s a result of defendant's breach, Plaintiff has been damaged . . . in an amount . . . *not more than $74,999.00*" (Compl. ¶ 24), its motion to remand fails to provide facts showing that in light of its multiple claims for relief, "it is legally certain that the controversy is worth less than the jurisdictional minimum." *McPhail*, 529 F.3d at 954.

Specifically, Plaintiff has not explained how the amount in controversy can be less than $75,000 given the complaint's allegation that "it is entitled to recover . . . damages in an amount to be proven at trial, *which must be tripled...*" (Compl. ¶ 2) and when Plaintiff's own court-annexed arbitration certificate states that it seeks damages "*in excess* of $25,000 exclusive of interest, costs, and attorney's fees." (Compl., Ex. A).  Plaintiff has not discussed the demand in its complaint that "[i]*n addition to these damages*, Plaintiff is entitled to attorney's fees and costs." (*Id*. ¶ 28).  Nor has it clarified how only $74,999 can be at stake when it is also seeking punitive damages.  (*Id*., Prayer ¶ C).

The United States Supreme Court has made it eminently clear that punitive damages may be considered in determining that the amount in controversy requirement is satisfied.  *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943).  ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." (footnote omitted)); *see also Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1247 (10th Cir. 2012) (holding that punitive damages may be considered in determining the requisite jurisdictional amount).  New Mexico courts have regularly upheld punitive damages awards of up to ten times the amount of the awarded compensatory damages.  *See e.g. Aken v. Plains Elec. Generation & Transmission Coop., Inc.*, 2002-NMSC-021, 132 N.M. 401, 49 P.3d 662; *Allsup's Convenience Stores, Inc. v. N. River Ins.*

*Co.*, 1999-NMSC-6, 127 N.M. 1, 976 P.2d.  And in discussing the compensatory-to-punitive-damages ratio, the Supreme Court has generally endorsed "[s]ingle-digit multipliers."  *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

Here, any reasonable estimate of punitive damages that might be recovered on top of $74,999 (even without trebling) pushes the total amount in controversy well above $75,000.  Even using a conservative one-to-one ratio and disregarding any attorneys' fees for purposes of the calculation, an award of punitive damages would plainly elevate the amount in controversy over the jurisdictional threshold.

Treble damages must also be included when the plaintiff seeks these damages under applicable law.  *See R.L. Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc.*, 23 F. App'x 141, 145 n.3 (4th Cir. 2001) ("When calculating the amount in controversy, the district court should consider any special or punitive damages, such as treble damages, available to" the plaintiff); *Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 460-61 (D. Md. 2013) ("Trebled damages are considered when determining the amount in controversy.").  Similarly, statutory attorney's fees are also included within the amount in controversy.  *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376-77 (6th Cir. 2007) (holding that attorney's fees requested by plaintiff and allowed by statute included in calculating amount in controversy).

If a judgment in this matter *could be* entered for more than $75,000, then more than $75,000 is in controversy.  *McPhail*, 529 F.2d at 956.  Tyler's notice of removal unquestionably establishes that the aggregate amount in controversy exceeds $75,000.  Tyler has satisfied its jurisdictional burden.

**III.   Conclusion**

Tyler's notice of removal established that diversity exists between Plaintiff and Tyler.  Tyler's only remaining burden is to make a plausible allegation that at least $75,000 is in

controversy based on the allegations in Plaintiff's complaint.  *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).  Tyler has met its burden of establishing that as of the date of removal, the allegations in Plaintiff's complaint establish that the statutory threshold amount is in controversy, given Plaintiff's demand for treble damages, attorney's fees and punitive damages.  Tyler respectfully requests that the Court deny Plaintiff's Motion to Remand, decline to remand this matter to state court, and retain the jurisdiction that properly has been invoked by Tyler.

    Respectfully submitted,

    RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

    By:  */s/ Leslie McCarthy Apodaca*
        Leslie McCarthy Apodaca
    Post Office Box 1888
    Albuquerque, New Mexico 87103
    Telephone:  (505) 765-5900
    Facsimile:  (505) 768-7395
    lapodaca@rodey.com
    *Attorneys for Defendant Tyler Technologies, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 12, 2021, I filed the foregoing electronically, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

    Gene N. Chavez
    Chavez Law Offices, P.A.
    1220 5th Street NW
    Albuquerque, New Mexico 87102
    gene@chavezlawoffices.com

By:  */s/ Leslie McCarthy Apodaca*
    Leslie McCarthy Apodaca