IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHAVEZ LAW OFFICES, P.A.,
a New Mexico corporation,

    Plaintiff,

vs.                                                                     Case No. 1:21-CV-00293-LF-SCY

TYLER TECHNOLOGIES, INC.,
a foreign corporation,

    Defendant.

## REPLY IN SUPPORT OF
## TYLER'S MOTION TO COMPEL ARBITRATION

In its response, Plaintiff does not contest that it entered into a User Agreement[1] with Tyler which includes an agreement to settle by arbitration "[a]ny controversy or claim arising out of or relating to this Agreement." Nor does Plaintiff deny that all of the claims in its complaint are subject to arbitration as required by the arbitration provision in the User Agreement. Having conceded both of those points, Plaintiff instead appears to argue (1) that the parties were required to attempt to settle their dispute before proceeding to arbitration; (2) that the demand for arbitration is premature because "no discovery has been conducted and the Defendant has filed the Motion to Compel Arbitration without reference to" [the circumstances surrounding the formation of the contract]; and (3) that because "Plaintiff has alleged fraud in its Complaint," "[c]onsequently" [the arbitration clause] should be invalidated due to fraud, duress, and unconscionability."

Each of these arguments is manifestly invalid.

---

[1] Attached to Gillespie Decl., Ex. A, Motion to Compel Arbitration ("Motion"), Doc. 7-1.

3450209.1

### A. Plaintiff's Defenses to The Motion to Compel Arbitration Are Meritless

#### 1. "Reasonable settlement negotiations" are not a precondition to invoking the mandatory arbitration provision.

The arbitration provision set forth in Section 10 of the User Agreement agreed to by Plaintiff provides that "[a]ny controversy or claim arising out of or relating to this Agreement, which is not settled by reasonable negotiations between the parties, will be settled by arbitration that will be binding on all the parties." (*See* Doc. 7-1 at 9.)

Plaintiff's argument that "[t]o date there has [sic] been absolutely no reasonable negotiations," and that the "Arbitration Provision would apply only after there has [sic] been reasonable negotiations" (Resp. at 2) is preposterous for multiple reasons, primary among them the fact that it was Plaintiff who initiated the state court lawsuit. Plaintiff presumably decided that any efforts to resolve his purported quarrel about "the runaround by Defendant's representatives regarding the refund of charges made to Plaintiff's card" (Resp. at 2) were not worth pursuing by negotiation – reasonable or otherwise – and proceeded to file his lawsuit. Plainly, the arbitration provision merely states the obvious: that when parties cannot (or will not) satisfactorily resolve a dispute, then the disagreement must be resolved by an arbitrator, not by a court. Plaintiff's interpretation is nonsensical and belies common sense.

#### 2. Tyler's demand for arbitration is not "premature" due to lack of discovery regarding the surrounding circumstances relating to the formation of the agreement.

Tyler's Motion, supported by sworn testimony, establishes how Tyler's User Agreement is executed, how its terms and conditions must explicitly be accepted by clicking an "I Agree" box at the time that an Odyssey account is opened, and how Plaintiff not only did so, but has continued to use its Odyssey account for more than ten years pursuant to the User Agreement's

terms and conditions, including mandatory arbitration.  (*See* Motion and Gillespie Declaration attached thereto, Doc. 7.)

The standard of review for motions to compel arbitration is similar to the summary judgment standard.  "[T]he party moving to compel arbitration bears the initial burden of presenting evidence sufficient to demonstrate the existence of an enforceable agreement and the opposing party's failure, neglect, or refusal to arbitrate." *BOSC, Inc. v. Bd. of Cty. Comm'rs of Cty. of Bernalillo*, 853 F.3d 1165, 1177 (10th Cir. 2017). "[I]f it does so, the burden shifts to the nonmoving party to raise a genuine dispute of material fact regarding the existence of an agreement or the failure to comply therewith." *Id*.  When there are no disputes of material facts, "a district court may decide the arbitration question as a matter of law through motions practice and viewing the facts in the light most favorable to the party opposing arbitration." *Id*. (internal quotation marks and citation omitted).  "But if material disputes of fact do exist, the FAA calls for a summary trial—not death by discovery." *Id*. (emphasis in original; internal quotation marks and citation omitted).  Unless the party opposing arbitration demands a jury, the district court "shall hear and determine" the questions at issue. *Id*.; 9 U.S.C. § 4.  The object of Section 4 is "to decide quickly – summarily – the proper venue for the case, whether it be the courtroom or the conference room, so the parties can get on with the merits of their dispute." *BOSC, Inc.*, 853 F.3d at 1177 (internal quotation marks and citation omitted).

Tyler met its burden of presenting evidence confirming the existence of an enforceable arbitration agreement.  The burden therefore shifted to Plaintiff to raise an issue of material fact challenging the existence or enforceability of that agreement. *Id.* at 1177.  But Plaintiff's response to the Motion fails to provide a single fact supported by admissible evidence, much less one that raises a genuine issue of material fact.

Instead, Plaintiff's entire opposition to Tyler's arbitration motion is based on unsupported arguments of counsel. Plaintiff could have provided a sworn declaration or other evidence regarding the factual circumstances surrounding the formation of the contract, the relative bargaining strength and sophistication of the parties, or other contract formation defenses. Plaintiff provided nothing; indeed it did not bother to articulate how or why the arbitration agreement is procedurally or substantively unconscionable or otherwise invalid. Yet Plaintiff invites the Court to overlook its failure to properly contest Tyler's Motion by claiming that because no discovery (of information that is exclusively within Plaintiff's own knowledge) has occurred, the Motion purportedly is "premature." (Resp. at 2). That argument is meritless and Plaintiff's deflection of its burden is procedurally improper. Plaintiff has not raised a single issue of material fact and has not disputed any of the facts advanced by Tyler in its Motion. Because there are no disputes of material fact, this Court may and should compel arbitration pursuant to the agreement of the parties.

> **3. Plaintiff's allegation of "fraud" in its Complaint has no bearing on the now purported invalidity of the arbitration clause due to "fraud, duress and unconscionability."**

Plaintiff's Response states, without legal authority, that because "Plaintiff has alleged fraud in its Complaint", "[c]onsequently, an arbitration clause can be invalidated due to fraud, duress and unconscionability." (Resp. at 3). Tyler does not contest that an arbitration agreement, as any other contract, *can* be invalidated "by generally applicable contract defenses such as fraud, duress or unconscionability." *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). But the "fraud" alleged in Plaintiff's Complaint is that "Defendants [sic] were aware of the Agreements and contractual obligations to refund and/or credit Plaintiff for any charges associated with rejected pleadings" and that "Defendants refused to" issue such credits

4

and "maintained that said charges were never charged in the first place, but 'held' by Plaintiff's financial institution."  (*See* Compl. ¶¶ 18, 19, Doc. 1-1.)

These allegations have *nothing* to do with the enforceability of the mandatory arbitration clause of the User Agreement.  The fact that Plaintiff has pled fraud (even ignoring, for purposes of this specific argument, that it has not met the requirements of Rule 9(b)), does not magically transform the fraud claim in its complaint into an attack on the validity of the arbitration clause.

Plaintiff has not credibly challenged the formation of a binding arbitration agreement between the parties.  That is the end of the analysis for this Court.  Since the United States Supreme Court's decision in *First Options of Chicago v. Kaplan*, 514 U.S. 938, 944 (1995), the rule in the United States has been that courts decide questions of arbitrability, unless the parties have clearly and unmistakably assigned that authority to the arbitrator to resolve.  Accordingly, under the *First Options* test, if an arbitration clause is silent as to who decides arbitrability – as in the arbitration clause at issue here – that power is reserved to the courts.  Accordingly, once the Court is "satisfied that the making of the agreement for arbitration . . . is not an issue," then all that remains is for the Court to "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."  9 U.S.C. § 4.  Tyler respectfully requests that the Court do so here.

**B.    Conclusion**

"There is a strong federal policy encouraging the expeditious and inexpensive resolution of disputes through arbitration."  *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* 39 F.3d 1482, 1488-89 (10th Cir. 1994).  *See Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984) ("Congress declared a national policy favoring arbitration."); *Hill v. Ricoh Americas Corp.*, 603 F.3d 766, 771 (10th Cir. 2010) ("[T]he FAA is a 'congressional declaration of a liberal federal policy favoring arbitration agreements.'") (quoting *Moses H. Cone Mem. Hosp. v. Mercury*

5

*Constr. Corp.*, 460 U.S. 1, 24 (1983)).  Congress enacted the FAA with the express purpose of granting arbitration agreements the same enforceability as any other contract provision.  *See Volt Info. Sciences, Inc. v. Bd. Of Trs.,* 489 U.S. 468, 484 (1989) (stating that Congress designed the FAA to "overrule the judiciary's longstanding refusal to enforce agreements to arbitrate and place such agreements upon the same footing as other contracts.").  When the applicability of arbitration is in dispute, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (quoting *Moses H. Cone,* 460 U.S. at 24-25).

Tyler has met its burden of presenting evidence sufficient to demonstrate the existence of an enforceable arbitration agreement.  Plaintiff has not made any effort to meet its corresponding burden to raise a genuine dispute of material fact challenging that agreement.  Tyler therefore requests that this Court enter an Order granting Tyler's Motion to Compel Arbitration and directing Plaintiff to proceed to arbitration.

    RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

    By:  *"Electronically Filed" /s/ Leslie McCarthy Apodaca*
         Leslie McCarthy Apodaca
    Post Office Box 1888
    Albuquerque, New Mexico 87103
    Telephone:  (505) 765-5900
    Facsimile:  (505) 768-7395
    E-mail:   lapodaca@rodey.com

    *Attorneys for Defendant Tyler Technologies, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 15, 2021, I filed the foregoing using CM/ECF which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic filing:

Gene N. Chavez
gene@chavezlawoffices.com

                              RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

                              By:  */s/ Leslie McCarthy Apodaca*
                                    Leslie McCarthy Apodaca